```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 09-61456-Civ-DIMITROULEAS/SNOW
```

PETER D. CRESCENZO,

      Plaintiff,

vs.

LAW OFFICES OF DOUGLAS R. BURGESS, LLC,

      Defendant.

_____/

### REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Plaintiff's Verified Motion for an Award of Costs and Attorney's Fees (Docket Entry 23), which was referred to United States Magistrate Judge Lurana S. Snow for report and recommendation.

### I. PROCEDURAL HISTORY

The complaint was filed September 15, 2009, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, et seq., and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (DE 1) On January 7, 2010, the Court ordered the plaintiff to show cause why the complaint should not be dismissed for failure to effect service of process the defendant. (DE 4) The plaintiff responded by filing a December 23, 2009, return of service of the summons and complaint. (DE 5)

On February 2, 2010, the Court issued an order to show cause why the case should not be dismissed for failure to prosecute.

(DE 6)  The plaintiff filed a motion for the Clerk of the Court to enter a default against the defendant. (DE 7) The plaintiff also filed a response to the order to Show Cause (DE 8) which the Court construed to be a Motion to Allow Discovery (DE 12). The Court ordered the plaintiff to serve the defendant with a copy of the order to show cause and the plaintiff's response, and ordered the defendant to file a response. (Id.)  When the defendant did not respond, the Court granted by default the plaintiff a 90-day discovery period, to be followed by filing a motion for entry of a final judgment. (DE 14)

On June 14, 2010, the plaintiff filed a 16-page motion for entry of a default final judgment, which discussed the statutory claims and the damages available under each. (DE 15)  The Court ordered the defendant to  show cause why the motion should not be granted. (DE 20)  On July 8, 2010, the Court granted the motion for default judgment (DE 21) and entered a final default judgment against the defendant in the amount of $8,000.00 (DE 22).

The plaintiff then filed the instant motion for costs in the amount of $390.00 and attorney's fees in the amount of $3,575.85.  The defendant did not respond to the motion.

## II. RECOMMENDATIONS OF LAW

The Fair Debt Collection Practices Act allows a prevailing plaintiff to recover attorney's fees and costs. 15 U.S.C. § 1692k(a)(3); Thornton v. Wolpoff & Abramson, L.L.P., 312 Fed. Appx. 161, 163 (11th Cir. 2008).

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and the hours claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
> 
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

<u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433-434, 103 S.Ct.1933, 1939-40 (1983).

The Court has reviewed the itemized time records and finds that the hours expended are reasonable. The Court also finds that the rate of $350.00 per hour is within the range of rates charged in the South Florida community for simi8lar services by lawyers of reasonably comparable skills, experience and reputation. Accordingly, fees should be awarded at the rate of $350.00 per hour. The court should award attorney's fees in the amount of $3,575.85 for 10.2 hours at a rate of $350.00 per hour.

The plaintiff also claims litigation expenses of $390.00 comprising the $350.00 filing fee and $40.00 for service of process. These costs are compensable pursuant to 28 U.S.C. § 1920. Accordingly, the Court should award $390.00 in costs.

III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that the motion be GRANTED, with costs awarded in the amount of $390.00 and attorney's fees awarded in the amount of $3,575.85, for a total of $3,965.85.

The parties will have 14 days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, for consideration by The Honorable William P. Dimitrouleas, United States District Judge. Failure to file objections timely shall bar the parties from attacking on appeal factual findings contained herein. LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1998), cert. denied, 488 U.S. 958 (1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 14th day of October, 2010.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All Counsel of Record